**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL D. BELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:08-CV-136 LMB |
| | ) | |
| MISSISSIPPI COUNTY, 33RD | ) | |
| JUDICIAL CIRCUIT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Michael Bell for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983. Named as defendants are the Circuit Court for Mississippi County, 33rd Judicial Circuit; William Winchester, III, (Circuit Judge); Terry Brown (same); Darren Cann (Prosecuting Attorney); Kenneth Richardson (same); and Mary Patricia Tucka (Public Defender). Plaintiff seeks monetary and injunctive relief.

Plaintiff alleges that he has been detained on charges of tampering with a utility device or an institution since November 2007. Plaintiff claims that he initially went before defendant Brown on the charges, but that Brown disqualified himself from the case. Plaintiff says that he has not yet had a preliminary hearing because defendants Winchester, Cann, Richardson, and Tucka have been attempting to force plaintiff to undergo a court-ordered psychiatric evaluation. Plaintiff maintains that he has objected to any psychiatric evaluation but that Winchester has overruled his objections. Plaintiff believes that defendants' actions have violated his right to due process of law.

**Discussion**

Plaintiff's claim against the Circuit Court for Mississippi County, 33rd Judicial Circuit is legally frivolous because state courts are protected by Eleventh Amendment immunity. Harris v. Missouri Court of Appeals, Western Dist., 787 F.2d 427, 429 (8th Cir. 1986).

The complaint is legally frivolous as to defendants Winchester and Brown because judges are "entitled to absolute immunity for all judicial actions that are not 'taken in a complete absence of all

jurisdiction.'" Penn v. United States, 335 F.3d 786, 789 (8th Cir. 2003) (quoting Mireles v. Waco, 502 U.S. 9, 11-12 (1991)).

The complaint is legally frivolous as to defendants Cann and Richardson because where "the prosecutor is acting as advocate for the state in a criminal prosecution, [] the prosecutor is entitled to absolute immunity." Brodnicki v. City of Omaha, 75 F.3d 1261, 1266 (8th Cir. 1996).

The complaint fails to state a claim upon which relief can be granted as to defendant Tucka because "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981).

Additionally, to the extent that plaintiff seeks relief from his detainment, such relief is not available in a civil complaint under 42 U.S.C. § 1983 and may only be had in a petition for writ of habeas corpus.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [Doc. 2]

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

                                                                    CHARLES A. SHAW
                                                                    UNITED STATES DISTRICT JUDGE

Dated this   10th   day of November, 2008.